U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR - 5 2018

TONY R. MOORE, CLERK
BY: _____
DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

Mitchel L. Gurst, Plaintiff        CIVIL ACTION NO. 18-cv-282

vs.

Dean Dove and Henson (Supervisors)

Natchitoches Parish Detection Center

and

Victor Jones, Jr. (Sheriff)

Natchitoches Parish Sheriff Office

PETITION FOR MONEY DAMAGES RELATED TO WRONGFUL DISCHARGE, TERMINATION, AND OTHER TORTS ACTIONS, LABOR LAW VIOLATIONS UNDER THE EQUAL PAY ACT OF 1963, AND 28 U.S.C. 1658 AND 42 U.S.C. 193

Now into Court, comes Plaintiff (Gurst) pro se status and without lawyer representation and handicap status. Plaintiff says, shows, and suggests to the Courts as follows:

1.

On or about December 4, 2017 (Monday), Plaintiff received his "Notice Right to Suit" letter, issued by the U.S. Equal Employment Opportunity Commission (EEOC) by U.S. Mail Delivery (Charge #461-2017-00035).

2.

On or about February 27, 2018, Plaintiff alleges Dean Dove spoke to him by telephone, about unpaid leave time have not paid to Plaintiff since his wrongful termination in September

2016. Plaintiff alleges employer have math errors related to all accumulated leave time and fringe benefits, and the employer is in bad faith claim reasons, gross negligence, and employer failed to provide written accounting on the unpaid days owed to Plaintiff. Employer did due process violations under 14th Amendments and LRS 40:2531.

3.

On or about February 27, 2018, Plaintiff filed this lawsuit complaint under Law 28 U.S.C. 1658 which governs 4 year statute of limitations on employment wrongful acts, or torts, negligence. See Edith Jones Case – U.S. Supreme Court (42 U.S.C. 1981) Court authority and vicarious liability against employer.

4.

Plaintiff request a "Jury Trial Rights" to be granted by the Federal Courts on this civil matter.

5.

Plaintiff alleges Detention Center Management/Supervisors failed to provide proper training to correction officer workers on inmate escape prevention, monitoring detention of inmates in tier housing population of more than 35 inmates. Plaintiff alleges employer failed to provide training for basic electronic door lock testing for malfunction of equipment.

6.

Plaintiff alleges employer never paid him for supervising all new employees (correction officer) or being a field training officer for 15 years' time period, so Plaintiff would like to be grandfathered to Sergeant Rank and salary contributions to be paid to his retirement system for

increase of salary. Plaintiff alleges employer should pay him because of his supervisor training at Mountainview College of Dallas, TX. Plaintiff request employment re-instatement under Handicap Law 42 U.S.C. 12101-12115.7.

7.

Plaintiff alleges Henson (Supervisor) advised him the effects of his employment termination would not show a great loss because Plaintiff was drawing his social security benefits due to his age 62 years or more. Plaintiff alleges Henson had knowledge of Plaintiff social security benefits, and Henson no signed consent form by Plaintiff or permission to investigate Plaintiff other incomes. Plaintiff alleges Henson is guilty of racial profiling, harassment, bad faith, privacy act violations, and more to be argue at trial and segregation of workplace.

8.

Plaintiff petition the Courts to grant punitive damages and vicarious liability, negligence, and TEN MILLION DOLLARS. Plaintiff alleges discrimination practices: i.e. race, gender, sex, harassment, bad faith, intentional tort, continuing tort, and disparate treatment. We pray for all damages and make me hold again.

Respectfully submitted

*Mitchel L. Gurst* (signature)

Mitchel L. Gurst
1501 Grayson Street
Natchitoches, LA 71457
(318) 332-3519, PRO SE